**JERRY L. DIXON, as Trustee for DIXON & ASSOCIATES
PROFIT SHARING TRUST, Plaintiff**

**v.**

**DOLORES FISHER, JAMES HANNA, and DONNA MALIK,
Defendants**

Civil No. 957/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 10, 1995

Nancy D'Anna, Esq., St. John, V.I., *for plaintiff*

Marshall A. Bell, Esq., (Marshall A. Bell & Associates), P.C., St. Thomas, V.I. *for defendants*

HODGE, *Judge*

### MEMORANDUM AND ORDER

This matter came before the court on Plaintiff's Motion for Default Judgment against Defendant Dolores Fisher and Motion for Summary Judgment against Defendants James Hanna and Donna Malik. The issues presented are:

(1) Whether the holder of a note secured by a mortgage can assert a claim for debt and foreclosure following a valid transfer by the debtor of the mortgaged property in satisfaction of the underlying debt; and

(2) Whether the grantee of a deed takes subject to a judgment lien against the conveyed property which was recorded prior to the deed.

For the following reasons, the court finds that an action for debt and foreclosure filed following a transfer of property to satisfy that debt is improper, and that a grantee takes a deed conveying property subject to a previously recorded judgment lien. Hence, Plaintiff's Motions will be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 8, 1991, Defendant Dolores Fisher ["Fisher"] executed a promissory note with Plaintiff as payee in the amount of Thirty five Thousand Dollars ($35,000) plus ten percent (10%) interest per annum. The note was secured by a first priority mortgage on property owned by Defendant Fisher and described as Parcel No. 195 and Parcel No. 195 Remainder, Estate Contant and Enighed, St. John, U.S. Virgin Islands, with Plaintiff as mortgagee. Subsequently, Defendant Fisher executed a Deed in Lieu of Foreclosure dated August 2, 1993, transferring title of the property to Plaintiff, which was recorded on August 17, 1993. Plaintiff filed this action for debt and foreclosure against Defendants on November 2, 1993, and filed an Amended Complaint on December 30, 1994 alleging that Defendant Fisher is in default of the note.

Defendants James Hanna and Donna Malik ["Hanna and Malik"] are the holders of a judgment against Defendant Fisher, which was previously recorded against the mortgaged property at the Office of the Recorder of Deeds on September 14, 1993. Defendants Hanna and Malik filed their answer to Plaintiff's Complaint on December 23, 1993 seeking priority of the judgment in their favor.

Defendant Fisher was served with a summons and a copy of Plaintiff's Complaint and Amended Complaint, and has failed to

respond.[1] Defendant Fisher's Default was entered by the Clerk of this court on February 24, 1995. In support of its motion for default judgment against Defendant Fisher, Plaintiff has submitted an affidavit of its trustee, John Dixon. According to the Affidavit as of December 27, 1994, Defendant Fisher owes $32,853.03 plus accrued interest. In support of its motion for summary judgment against Defendants Hanna and Malik, Plaintiff asserts that its mortgage was created on August 29, 1991, prior to the docketing and recording of the judgment in favor of Defendants Hanna and Malik.

## DISCUSSION

First, Plaintiff asserts that Defendant Fisher executed a Deed in Lieu of Foreclosure[2] transferring title in the mortgaged property. Paragraph 4 of Affidavit of Jerry Dixon, dated March 25, 1994 states:

> "in order to avoid further debt and indebtedness, Dolores Fisher executed a Deed in lieu of foreclosure, transferring title of Parcel No. 195 Estate Contant and Enighed, St. John Virgin Islands to the [Plaintiff] on August 2, 1993."

It is apparent that the execution of the Deed in Lieu of Foreclosure was intended to completely satisfy Defendant Fisher's debt, as indicated in Paragraph Three of the Deed which states:

> "WHEREAS Grantor [Defendant Fisher] and Grantee [Plaintiff] have agreed that the Grantor will convey to Grantee all of Grantor's interest in the subject premises *in lieu of foreclosure and in full satisfaction of the Note and the Mortgage;*"

The transfer of the deed to Plaintiff represents an accord and satisfaction of the previous debt owed by Defendant Fisher on the note, thereby discharging Defendant Fisher's obligation under the note. Plaintiff's acceptance of the deed constitutes a final bar to its

---

[1] Defendant Fisher was served with a copy of Plaintiff's Complaint by certified mail, return receipt requested on December 9, 1993 and Plaintiff's First Amended Complaint by certified mail, return receipt requested on November 18, 1994.

[2] The deed is a valid conveyance pursuant to the provisions of 28 V.I.C. § 41, *et seq.*

enforcement of the note. See 2 Restatement Second, Contracts 2d § 278.[3] Accordingly, Plaintiff cannot now seek to recover on the debt which has already been satisfied.

Secondly, Title 5 V.I.C. Section 425(c) provides that:

> "From the date of docketing the transcript of a judgment, such judgment shall be a lien against the judgment debtor's real property against which it is noted . . . *A conveyance of real property or any portion thereof or interest therein shall be subject to the lien of a judgment unless such conveyance has been recorded at the time of docketing the transcript.*"

The record reveals that the Deed in Lieu of Foreclosure was recorded on February 9, 1994; therefore, at the time the Defendants Hanna and Malik recorded their judgment lien on September 14, 1993, Defendant Fisher was the record owner of the above-named property. Hence, the recordation being proper and preceding the Plaintiff's Deed, Plaintiff took the property subject to the judgment lien of Defendants Hanna and Malik.

### CONCLUSION

Pursuant to the parties agreement, the Defendant Fisher executed a deed transferring he interest in Parcel No. 1995, Estate Contant and Enighed, St. John Virgin Islands to Plaintiff in full satisfaction of the debt owed under the promissory note. Therefore, Plaintiff's present action for debt and foreclosure is barred. Furthermore, the judgment lien filed by Defendants Hanna and Malik is valid and continuing against the property because it was recorded before Plaintiff's deed.

Accordingly, it is hereby,

ORDERED, that Plaintiff's Motion for Default Judgment against Defendant Fisher is DENIED; and it is further,

---

[3] Pursuant to 1 V.I.C. Section 4, the principles of law as expressed by the Restatements of Law govern in the absence of local law or precedent. See Miller v. Christian, 958 F.2d 1234, 27 V.I. 363 (3d Cir. 1992). Restatement Contracts, 2d § 278(1) states "if an obligee accepts in satisfaction of the obligor's duty a performance offered by the obligor that differs from what is due, the duty is discharged." See also 1 Am Jur 2d, Accord and Satisfaction § 1 and 52.

ORDERED, that Plaintiff's Motion for Summary Judgment against Defendants Hanna and Malik is DENIED; and it is further,

ORDERED, that this matter is DISMISSED.